IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                 )        CASE NO. BK02-43406
                                  )
DARRYL E. HOWARD and              )
RONDA HOWARD,                     )
                                  )        CH. 11
            Debtor(s).            )
                                  )

ORDER

This court, in January 2005, entered an order dismissing this Chapter 11 case for failure to file a plan that was confirmable.  Upon request of the debtors, this court stayed the order of dismissal pending appeal.  The appeal has now been fully briefed and apparently is ready for determination as of the end of 2005.

In January of 2006, in the district court appeal file, the debtors filed a motion to convert to Chapter 12.  By order of the district court filed in the bankruptcy court on January 31, 2006, at Filing No. 405, the district court referred the motion to convert to Chapter 12 to the bankruptcy court for determination. I interpret the referral order to grant the bankruptcy court full authority to enter a final order on the motion, rather than entering a report and recommendation to the district court.

The debtors assert that the changes to the Bankruptcy Code which went into effect in October 2005 increased the amount of debt a farmer could have and still be eligible for Chapter 12.  The new debt level exceeds the amount of debt that the debtors had on the petition date and, therefore, the debtors believe that they are now eligible to file under Chapter 12.

The debtors are incorrect and their motion to convert to Chapter 12 is denied.  It is true that the amendments to the Bankruptcy Code which became effective in October of 2005 increased the amount of debt a farmer could have and still be eligible for Chapter 12.  However, the amendments to the Bankruptcy Code did not make the new eligibility limits applicable to cases pending before October 17, 2005.  In addition, Section 348(a) of the Bankruptcy Code provides that conversion of a case "does not effect a change in the date of filing of the petition, the commencement of a case, or the order for relief."  Therefore, the debtors cannot take advantage of the new eligibility limits under the amended code.

The pre-October 17, 2005, code caps a farmer's debt at $1,500,000 for eligibility purposes under Chapter 12.  The debtors owed far more than $1,500,000 on the petition date.  They were not then, and are not now, eligible for Chapter 12 relief.

The motion to convert is denied.

This matter has been scheduled for hearing on March 29, 2006.  That hearing is cancelled. Oral argument is not needed.

SO ORDERED.

DATED this 8th day of March 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
　　　*William L. Needler
　　　Michael J. Whaley
　　　Mary L. Swick
　　　U.S. Trustee

Movant(*) is responsible for giving notice to all other parties not listed above if required by rule or statute.

-2-