IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 4:05CV3052 |
| | ) | BK02-43406 |
| AGRICREDIT ACCEPTANCE, L.L.C., | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | ORDER |
| | ) | |
| DEERE CREDIT, INC., | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARRYL HOWARD, and | ) | |
| RONDA HOWARD | ) | |
| | ) | |
| Debtors/Appellants. | ) | |

This matter is before the court pursuant to 28 U.S.C. § 158 on debtors' appeal from multiple orders issued by the bankruptcy court in Nebraska. Filing Nos. 1, 2, 4 and 5. The bankruptcy court determined that (1) it would not reconsider an order dated August 30, 2004, denying confirmation; (2) found the second amended plan violated the absolute priority rule of Title 11; and (3) denied the plan as it lacked feasibility. The debtors appeal these findings as set forth in the bankruptcy orders dated August 30, 2004, and October 4, 2004. The debtors also appeal the findings of the bankruptcy order dated January 25, 2005, wherein the bankruptcy court dismissed the debtors' Chapter 11 and refused to consider certain valuation requests.

The debtors raise crops and livestock in Hitchcock Counties, Nebraska. Prudential Insurance Company, one of debtors' creditors, loaned the debtors substantial amounts of

money and secured the loans to the debtors' real estate. Deere Credit, another creditor, maintained a second on the real estate. Debtors filed a Chapter 11 bankruptcy. The bankruptcy court determined that the Chapter 11 plan and the relevant attachments did not contain sufficient material terms as to payment of the creditors Prudential and Deere Credit. The bankruptcy court specifically denied the plan because it did not appear to be feasible and because it violated the absolute priority rule. The bankruptcy court entered an order denying confirmation, Filing No. 277, and the bankruptcy court granted debtors six weeks to file an amended plan. The debtors did not do so.

The district court reviews a bankruptcy court's determinations of fact for clear error and its legal conclusions *de novo*. *In re Markmueller,* 51 F.3d 775, 776 (8th Cir. 1995). The district court sits as an appellate court when an appeal is taken from the bankruptcy court. *See* 28 U.S.C. §1334. The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed. R. Bankr. P. 8013. The bankruptcy court's legal conclusions are reviewed *de novo* and its findings of fact are reviewed under the clearly erroneous standard. *See Brown v. Mitchell (In re Arkansas Communities, Inc.),* 827 F.2d 1219 (8th Cir. 1987). A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if the reviewing court is left with the definite and firm conviction that a mistake has been made. *See Johnson v. Arkansas State Police,* 10 F.3d 547, 552 (8th Cir. 1993).

The court has reviewed the relevant parts of the record and the parties' submissions. The court finds no error by the bankruptcy court. The bankruptcy court denied confirmation on the grounds that the Chapter 11 plan was vague and ambiguous.

This court agrees and finds no error in that regard.  Further, the court agrees with the bankruptcy court that dismissal of the Chapter 11 case was proper pursuant to 11 U.S.C. § 1112(b)(1)  where the record established continuing loss, diminution, and no likelihood of rehabilitation.  The debtors failed to show an ability to effectuate a feasible plan.  In addition, the bankruptcy court gave the debtors an opportunity to amend the plan, and the debtors chose not to do so.

THEREFORE, IT IS ORDERED that:

1.  The United States Bankruptcy Court Chief Judge Timothy Mahoney is affirmed; and

2.  The debtor's appeal is hereby dismissed.

DATED this 14th day of March, 2006.

BY THE COURT:


s/Joseph F. Bataillon
United States District Judge